[Civ. No. 22231. Second Dist., Div. One. Feb. 24, 1958.]

BILLY DON BLUNDELL, a Minor, Appellant, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Respondent.

Steinmetz & Murrish, William B. Murrish, Raoul D. Magana and Daniel C. Olney for Appellant.

Robert W. Walker and J. H. Cummings for Respondent.

DORAN, J.—After a trial by jury, plaintiff, aged 15 years at the time of the accident, was awarded a judgment for $8,500 and costs against the respondent railway company. Plaintiff now appeals from that judgment.

Plaintiff, the son of a Santa Fe employee, was working during the summer vacation, as an ice handler at the respondent's railway ice house located at Needles. Plaintiff had been directed to operate a capstan or car puller, by which cars were pulled into position for icing. The capstan, or winch, turned clockwise and operated by taking three or

four loops around the spool with a rope attached to the car, holding the rope taut and then turning on the electric power. In this manner plaintiff was attempting to pull two cars at the time of the accident.

The record discloses that, while engaged in this operation, the rope sagged because the towed cars moved faster than the rope being pulled by the capstan. Plaintiff held up the rope so that it would not fall off the capstan spool; along came a knot in the rope, and in attempting to guide the knot and rope, the thumb of plaintiff's left glove became caught, pulling him into the coils of rope winding around the capstan.

In consequence of the accident, plaintiff suffered lifetime disabling injuries. Throat and larynx injuries interfere with normal breathing and speaking, and there was medical evidence to the effect that plaintiff would never be able to perform heavy labor or exertive physical activities. The verdict of $8,500 is deemed inadequate by the appellant.

Plaintiff's action was brought under the Federal Employer's Liability Act, involving the comparative negligence rule rather than the usual common law negligence rules. The defendant railroad is charged with negligence in failing to provide adequate and proper supervision, and proper and safe equipment to be used in pulling the cars. Negligence is also charged ''in providing a knotted rope which could not be surged or turned freely on the capstan''; in ''failing to warn plaintiff regarding the use of said defective rope,'' and in ''otherwise failing to provide a reasonably safe place for plaintiff to work.'' The defendant denied any negligence, alleging negligence by the plaintiff, and unavoidable accident.

Among other things, the evidence disclosed that in obtaining employment, plaintiff had falsely claimed to be 18 years of age, and that his parents had made a similar written statement as to the son's age, consenting to the employment and waiving any claim for damages in case the son should be injured. There was also evidence that plaintiff had disobeyed instructions to stand away from the capstan, and was violating a rule against the wearing of gloves.

Appellant contends that the trial court erroneously excluded evidence tending to show that the defendant employer had waived its rule or policy prohibiting employment of persons under 18 by the habitual and recurrent employment of minors under 16, and likewise erred in refusing to instruct the jury on that subject. The appellant asserts that such evidence was admissible ''because, such waiver, if believed,

would render plaintiff's violation of such rule no longer contributory.''

As pointed out in respondent's brief, when this evidence was offered, appellant advised the court that impeachment of plaintiff's testimony that he was only 15 at the time of the accident, was expected, and that such impeachment would be explained by showing waiver of the age requirement by the common practice of hiring younger boys, whereupon the trial court sustained an objection to the evidence offered for such stated purpose. In this there appears to have been no prejudicial error. It may be noted that plaintiff's misstatement of age would not be negligence but an intentional, fraudulent act in inducing the defendant to enter into an employment contract.

It is argued that ''Plaintiff's evidence of defendant's habitual, recurrent employment of minors under 16 was also admissible because constituting a violation of the Federal Child Labor Law, and being conduct, therefore, not subject to claim of contributory negligence or negligence by plaintiff.''

This contention was made on appellant's motion for a new trial, and was properly disposed of by the trial judge as follows: ''It appears that . . . plaintiff is attempting to change the theory of liability. The action was one under the Federal Employers Liability Act and proceeded to trial for the alleged failure of the defendant to provide adequate and proper supervision . . . proper and safe equipment . . . an adequate rope; in failing to warn the plaintiff regarding the use of a defective rope, and in otherwise failing to provide a reasonably safe place for plaintiff to work. By the motion for a new trial the plaintiff attempts to show that the defendant illegally employed the plaintiff who probably was under 18 years of age; and, therefore, the defendant should be liable for any and all injuries incurred. . . . This certainly was not the theory of the lawsuit set out in the pleadings, and it would be improper to permit the plaintiff to change the theory of his action at this time.''

It is also contended that ''the trial court erred in refusing and denying plaintiff's requested instruction that plaintiff did not assume the risk of his employment.'' As hereinbefore noted, the defendant's answer pleaded no negligence on its part but the existence of negligence on plaintiff's part, and unavoidable accident. Assumption of risk of any kind by the plaintiff was not urged as a defense, and in

argument, counsel for both parties indicated that this was not an issue. Refusal to give an instruction on a matter not in issue cannot be deemed reversible error.

■ Likewise, no prejudicial error was committed in refusing to give plaintiff's requested instruction that "an employer of labor owes to his youthful and inexperienced employees a duty to warn such youthful employees of dangers to be encountered in the conduct of the work which such . . . employees may not be expected to know, and further to instruct such . . . employees about defects and dangers of which the employer knows about and of which the . . . employee is without actual or constructive knowledge," etc. Other instructions adequately apprised the jury as to the care defendant owed to the plaintiff, of the relative nature of the term "negligence," and the fact that the conduct in question must be considered in the light of the circumstances.

■ The same may be said in reference to the trial court's refusal to give plaintiff's requested instruction that the minor's release could not waive any rights under the Federal Employers Liability Act. As respondent points out, the written release signed by the parents expressly reserves to the plaintiff son all rights possessed under that act. There was thus no reason for the court to give the requested instruction.

In short, the record discloses no prejudicial error committed by the trial court. ■ The real basis for the appeal appears to be the alleged inadequate damages. This was a matter for the jury's determination, and was further considered by the trial court on plaintiff's motion for a new trial. In a written memorandum the judge indicated that an award of $5,000 would have been adequate. ■ The contention that "plaintiff should have been permitted to introduce testimony showing that the defendants knew or should have known that the plaintiff was under 18 years of age in spite of the sworn statement of plaintiff's parents is also deemed untenable since the offer of proof failed to show "that the defendant or any responsible agent had any such direct knowledge. At most it would only show a suspicion or an inference."

The appellant seems to have been accorded a full and fair trial of all pertinent issues; the verdict and judgment are supported by substantial evidence.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.